# CIVIL COVER SHEET

%JS 44 (TXND Rev. 2/10)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Balkan Energy Company

### DEFENDANTS
ProEnergy Services International, Inc., ProEnergy Services, LLC, Bill Shinholser, Al Simon, Steve Cox, Jeffrey Cannon, J.D. Robinson, John Bryant

(b) County of Residence of First Listed Plaintiff: Dallas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Sedalia, MO
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Mitchell Madden, MaddenSewell, LLP, Four Hickory Center, 1755 Wittington Place, Suite 300, Dallas, Texas 75234 (972) 484-7780

Attorneys (If Known)
Tim McCloskey, Carrigan McCloskey & Roberson, LLP, 945 Heights Blvd., Houston, TX 77008 (713) 868-5581

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1441

Brief description of cause:
Breach of Services Contract

## VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED: (See instructions)
JUDGE: Scott O. Wright W.D. Missouri
DOCKET NUMBER: 09-cv-04026

DATE: 02/17/2010
SIGNATURE OF ATTORNEY OF RECORD: s/ Blake E. Rizzo

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BALKAN ENERGY COMPANY | § | |
| | § | |
| VS. | § | |
| | § | |
| PROENERGY SERVICES | § | CIVIL ACTION NO. _____ |
| INTERNATIONAL, INC., | § | |
| PROENERGY SERVICES, LLC, | § | |
| BILL SHINHOLSER, AL SIMON, | § | |
| STEVE COX, JEFFREY CANNON, | § | |
| J.D. ROBINSON and JOHN BRYANT | § | |

## NOTICE OF REMOVAL

ProEnergy Services International, Inc. and ProEnergy Services, LLC file this Notice of Removal of a state court action styled *Balkan Energy Company v. ProEnergy Services International, Inc., ProEnergy Services, LLC, Bill Shinholser, Al Simon, Steve Cox, Jeffrey Cannon, J.D. Robinson and John Bryant*, Cause No. 09-01944 in the 95th Judicial District Court of Dallas County, Texas (the "State Court Action").

### I. PROCEDURAL BACKGROUND

1. On February 18, 2009, ProEnergy Services, LLC filed suit against Balkan Energy Company in the United States District Court for the Western District of Missouri, bearing Case No. 2:09-cv-04026-SOW (the "Federal Court Action"). The dispute in the Federal Court Action arises out of an agreement for services that the parties entered into to provide start-up and commissioning services for an electrical power generation barge located in Ghana. ProEnergy sued Balkan for $660,833.30 in unpaid invoices and other damages. A copy of the complaint in the Federal Court Action is attached hereto as **Exhibit 1**.

2. After the filing of the Complaint in the United States District Court for the Western District of Missouri, in a race to the court house, Balkan filed its original petition in the State Court Action against ProEnergy Services International, Inc. The original petition was not served on the original defendant.

3. On May 26, 2009, Balkan filed its original answer, affirmative defenses and counterclaim against ProEnergy in the Federal Court Action. Docket No. 10, Case No. 2:09-cv-04026-SOW. A copy of Docket No. 10 is attached hereto as **Exhibit 2**. The parties are actively engaged in discovery in the Federal Court Action. The allegations in Balkan's counterclaim include a breach of contract claim nearly identical to the claim asserted in Balkan's original petition in the State Court Action.

4. On January 8, 2010, Balkan filed its first amended petition in the State Court Action. For the first time, almost one year since the filing of the original petition, Balkan sued the individual defendants. Bill Shinholser was served with the first amended petition on January 28, 2010. ProEnergy Services International, Inc. was served with the first amended petition on February 3, 2010. Al Simon, Steve Cox, Jeffrey Cannon, and John Bryant received a copy of the first amended petition on February 5, 2010 via certified mail at the ProEnergy corporate office in Sedalia, Missouri. J.D. Robinson has not been served in the State Court Action. Thus, this Notice of Removal has been timely filed, as it is being filed within thirty days from service of the first amended petition on Mr. Shinholser.

## II. DIVERSITY JURISDICTION

5. This Notice of Removal is filed pursuant to 28 U.S.C. § 1441.

6. This action is properly removed to this Court as the State Court Action is pending within this district and division.

7. Removal of this action is proper under 28 U.S.C. § 1332 based on the parties' diversity of citizenship and the amount in controversy, exclusive of interest and costs.

8. Balkan is a Texas Corporation with its principal place of business located in Dallas, Texas, Dallas County. Balkan's first amended petition at ¶ 1.01.

9. ProEnergy Services International, Inc. is a Missouri Corporation with its principal place of business in Sedalia, Missouri, Pettis County.

10. ProEnergy Services, LLC is a Missouri Limited Liability Company with its principal place of business in Sedalia, Missouri, Pettis County.

11. Al Simon, Steve Cox, Jeffrey Cannon and John Bryant are all citizens of Missouri.

12. Bill Shinholser is a citizen of Texas. However, Mr. Shinholser's citizenship should be disregarded for purposes of determining jurisdiction under 28 U.S.C. §§ 1332 and 1441(b) because he has been fraudulently or improperly joined to defeat diversity jurisdiction. There is no reasonable basis for this Court to predict that Balkan might be able to recover from Mr. Shinholser in state court. *Menendez v. Wal-Mart Stores, Inc.*, 2010 WL 445470, *5 (5th Cir. Feb. 1, 2010).

13. All of the individual defendants, save and except J.D. Robinson, are represented by undersigned counsel and all consent to the removal of the State Court Action to federal court.

14. The one remaining defendant, J.D. Robinson has not been served in the State Court Action. As Mr. Robinson has not been served, his consent to removal is not required. *Rawlings v. Travelers Prop. Cas. Ins. Co.*, 2008 WL 2115606 (N.D.Tex. May 20, 2008).

15. Accordingly, there is complete diversity among the parties.

16. Where there is complete diversity among the parties and where the amount in controversy exceeds $75,000, an action may be removed to federal court. 28 U.S.C. § 1332. To determine the amount in controversy, the court may consider actual damages, exemplary damages

and attorney's fees. *White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper. *Id.* (affirming district court's conclusion that it was "more probable than not" that damages were over $75,000 where the total amount of relief was not stated in the petition); *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n. 13 (5th Cir. 1998) ("[t]he test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum]." In making a determination that the claims exceed the jurisdictional amount, the district court must first examine the complaint to determine whether it is "facially apparent". *Id.*

17. Here, Balkan does not pray for a specific dollar amount of damages in its first amended petition. However, in ¶ 5.17 subsections A, B, C, D, and I, Balkan alleges that ProEnergy is liable to Balkan for costs in excess of five million dollars ($5,000,000). In addition, Balkan asks for exemplary damages, costs and attorneys' fees. Based on the alleged damages and the allegations set forth on the face of the first amended petition, it is facially apparent that the $75,000 threshold will more than likely be met and this Court has jurisdiction over the matter. *See., e.g., White v. FCI U.S.A., Inc.*, 319 F.3d at 675.

18. In accordance with 28 U.S.C. § 1446(a) and Local Rule 81.1, copies of the pleadings in the State Court Action, the docket sheet, together with an index of all matters filed, are attached hereto as **Exhibits 3 - 19.** No other process, pleadings or orders have been filed with the state court as of the date of the filing of this notice of removal. A certificate of interested persons is attached as **Exhibit 20**.

19. In accordance with 28 U.S.C. § 1446(d), ProEnergy will promptly give notice to all necessary parties in writing and shall file a copy of the notice of removal with the clerk of the State Court.

Respectfully submitted,

**CARRIGAN, McCLOSKEY & ROBERSON, L.L.P.**

By: s/ Blake E. Rizzo
 Timothy M. McCloskey
 SBOT:13417650
 Blake E. Rizzo
 SBOT:24034073
 945 Heights Blvd.
 Houston, TX 77008
 713-868-5581
 713-868-1275 (fax)

 **ATTORNEYS FOR PROENERGY SERVICES INTERNATIONAL, INC., PROENERGY SERVICES, LLC, BILL SHINHOLSER, AL SIMON, STEVE COX, JEFFREY CANNON and JOHN BRYANT**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has this day been sent by United States mail, postage prepaid to:

 Mitchell Madden
 Thomas V. Murto III
 MaddenSewell, LLP
 Four Hickory Centre
 1755 Wittington Place, Suite 300
 Dallas, TX 75234

on this 17th day of February, 2010.

 s/ Blake E. Rizzo
 Blake E. Rizzo