UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| PROENERGY SERVICES, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| BALKAN ENERGY COMPANY | ) |
| | ) |
| Defendant. | ) |

## PETITION FOR DAMAGES

COMES NOW Plaintiff ProEnergy Services by and through counsel and for its petition for damages states as follows:

1. Plaintiff ProEnergy Services, LLC is a Missouri Limited Liability Company whose principal place of business is in Sedalia, Pettis County, Missouri.

2. Defendant Balkan Energy Company is Texas corporation located at 1800 Valley View Lane, Dallas, Texas.

3. Venue is proper in this court pursuant to the contract between plaintiff and defendant. The contract provides in ¶ 9(d) that "venue for any such dispute resolution shall be in any federal or state court in the state of Missouri or Texas."

4. This court has jurisdiction over this matter as the parties are residents of different states and the amount in controversy is in excess of $75,000.00.

5. On September 20, 2007, the parties entered into an agreement for services to provide start-up and commissioning services for an electrical power generation barge located in Ghana. A copy of the Services Contract for the Start-up and commissioning of the Effasu Power

EXHIBIT 1

Barge is attached hereto as Exhibit 1 and incorporated by reference as if set for the more fully herein.

6. Plaintiff commenced work on the project pursuant to the Services Contract attached hereto as Ex. 1, and has performed its obligations under the contract in a workmanlike manner and has substantially performed its obligations in all ways.

7. Plaintiff pursuant to the agreement has sent invoices for payment for its services rendered to defendant at its address at 1800 Valley View Lane, Suite 300, Dallas, TX 75234, attention D.W. Mitchell.

8. Plaintiff has also sent letters demanding payment on January 12, 2009 and January 3, 2009. Those letters are attached as Exhibits 2 and 3.

9. Defendant has refused to pay and has not responded to either letter.

10. As of February 16, 2009, there is under the contract $660,833.30 due and owing.

11. Paragraph 3 of the contract provides that interest "at the rate of 1.5 % per month on all past due amounts shall accrue." As of February 3, 2009, interest due on the unpaid amounts is $44,280.03. Interest continues to accrue on these unpaid amounts.

12. Further, defendant has committed additional breaches of the agreement by failing to replenish the retained funds account.

13. Pursuant to paragraph 3 of the Services Contract there is to be a minimum of $300,000.00 in the account and when that level is reached then defendant agreed to replenish said account within seven days of the receipt of invoice so that the retained funds will be equal to no less than $500,000.00 at any given time during the performance of the services to be rendered under the agreement.

2

Case 2:09-cv-04026-SOW   Document 1   Filed 02/18/09   Page 2 of 4
Case 2:10-cv-04030-SOW   Document 1-1   Filed 02/17/10   Page 2 of 4

14. The account currently has less than the required $300,000.00 minimum. Defendant has been notified at its address at 1800 Valley View Lane, Suite 300, Dallas, TX 75234, Attention D.W. Mitchell and demand has been made upon them to replenish the retained funds account but defendant refuses to do so.

15. Paragraph 3 of the Services Contract also provided that plaintiff would receive as a payment, a 15 percent markup on all travel and living expenses and the cost of any materials and goods furnished in connection with the services due under the contract.

16. To date the amounts due under Paragraph 3 for the mark-up on the living expenses and costs of the materials and goods furnished has not been paid.

17. Additionally, under paragraph 9F, Plaintiff is entitled to 35 percent of the annual compensation for each direct hire by Balkan Energy of ProEnergy personnel. At least four employees have been hired away by Defendant Balkan Energy. This amount was due and payable 30 days from the date that ProEnergy's former employee commenced employment with Defendant Balkan Energy.

18. ProEnergy employees hired by Balkan Energy include, but are not limited to, Tim Everheart, Lonnie Peters, Mike White and Blake Ballard. Plaintiff through discovery expects to receive disclosure of the dollar amounts of the salaries paid by Defendant Balkan Energy to these former employees.

19. Plaintiff is entitled to its attorney's fees pursuant to the contract, paragraph 9(d), wherein it states "the prevailing party shall be entitled to recover its reasonable attorney's fees and court costs."

3

Case 2:09-cv-04026-SOW   Document 1   Filed 02/18/09   Page 3 of 4
Case 2:10-cv-04030-SOW   Document 1-1   Filed 02/17/10   Page 3 of 4

WHEREFORE, Plaintiff prays this court enter judgment against defendant in the amount of $660,833.30 for past invoiced amounts, $44,280.03 for interest already accrued and for interest at the rate of 1.5 percent per month on all unpaid amounts, and such an amount that will compensate Plaintiff for the 15% mark-up owed on the living expenses and material costs, for 35 percent of the annual compensation for each ProEnergy personnel hired by Balkan Energy, for its costs herein expended, for its attorneys fees and for such further and different relief as the court deems just and proper.

                          KEMPTON AND RUSSELL

By:    /s/ Robert W. Russell
        Robert W. Russell   #38116
        114 East Fifth St.
        P. O. Box 815
        Sedalia MO 65302-0815
        660-827-0314
        660-827-1200 (FAX)
        rob@kemptonrussell.com
        ATTORNEY FOR PLAINTIFF

4
Case 2:09-cv-04026-SOW   Document 1   Filed 02/18/09   Page 4 of 4
Case 2:10-cv-04030-SOW   Document 1-1   Filed 02/17/10   Page 4 of 4