UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

PROENERGY SERVICES, LLC,            )
                                    )
           Plaintiff                )
                                    )
vs.                                 )   Case No. 09-4026-CV-C-SOW
                                    )
BALKAN ENERGY COMPANY,              )
                                    )
           Defendant.               )

## DEFENDANT BALKAN ENERGY COMPANY'S ORIGINAL ANSWER INCLUDING AFFIRMATIVE DEFENSES AND COUNTERCLAIM

COMES NOW, Defendant Balkan Energy Company and makes and files this its Original Answer, including Affirmative defenses, and would state as follows:

### I.

### RESPONSE TO THE PETITION FOR DAMAGES FILED BY PROENERGY SERVICES, LLC[1]

1.  The allegations contained in ¶ 1 of the Petition for Damages is admitted.

2.  Defendant, Balkan Energy Company would show that its address is 1755 Wittiington Place, Suite 340, Dallas, Texas 75234, otherwise the allegations in ¶2 of the Petition for Damages are admitted.

3.  The allegations contained in ¶ 3 of the Petition for Damages is admitted.

4.  The allegations contained in ¶ 4 of the Petition for Damages is admitted.

5.  The entirety of the services contract for the Start-up and commissioning of the Effasu Power Barge dated on or about the 20th day of September 2007, is not attached to the Petition for Damages in its entirety, otherwise the allegations in ¶5 of the Petition for Damages are

---

[1] Balkan Energy Company respectfully requests a trial by jury with respect to all factual disputes related to Plaintiff's claims herein and all factual disputes related to Defendant's counterclaims.

1

JEF-221786-1
Case 2:09-cv-04026-SOW   Document 10   Filed 05/26/09   Page 1 of 12
Case 2:10-cv-04030-SOW   Document 1-2   Filed 02/17/10   Page 1 of 12



EXHIBIT 2

admitted.

6. The allegations contained in ¶6 of the Petition for Damages are denied.

7. The allegations contained in ¶7 of the Petition for Damages are admitted.

8. The allegations contained in ¶8 of the Petition for Damages are admitted.

9. Defendant admits that it has not paid certain invoices submitted by Plaintiff, otherwise the allegations in ¶9 of the Petition for Damages are denied.

10. The allegations contained in ¶10 of the Petition for Damages are denied.

11. As to the contents of paragraph 3 of the service contract, it speaks for itself, otherwise the Defendant denies that there is interest due to the Plaintiff.

12. The allegations contained in ¶12 of the Petition for Damages are denied.

13. The Defendant would show that the provisions of the service contract speaks for themselves and to the extent that these allegations are inconsistent with the terms of the contract, they are denied.

14. The defendant denies that it has an obligation under paragraph 3, otherwise the allegations contained in ¶14 of the Petition for Damages are admitted.

15. The Defendant would show that the provisions of the service contract speaks for themselves and to the extent that these allegations are inconsistent with the terms of the contract, they are denied.

16. The allegations contained in ¶16 of the Petition for Damages are denied.

17. The Defendant would show that the provisions of the service contract speaks for themselves and to the extent that these allegations are inconsistent with the terms of the contract they are denied. Defendant further denies that any amounts are due and payable to ProEnergy by the

2

JEF-221786-1

Case 2:09-cv-04026-SOW   Document 10   Filed 05/26/09   Page 2 of 12
Case 2:10-cv-04030-SOW   Document 1-2   Filed 02/17/10   Page 2 of 12

Defendant.

18. Defendant denies that the individuals referenced were ProEnergy employees at the times relevant to the claims made the basis of this suit.

19. The Defendant would show that the provisions of the service contract speaks for themselves and to the extent that these allegations are inconsistent with the terms of the contract, they are denied. Defendant further deny that it owes the Plaintiff any attorney fees.

20. The Defendant denies that the Plaintiff is entitled to the amount and/or the relief it prays for.

## II.

## **AFFIRMATIVE DEFENSES**

In addition to the foregoing answer, without waiving same with if further answer there need be, the Defendant contends that the Plaintiff's claims are barred or reduced pursuant to one or more of the following affirmative defenses:

1. Fraud or fraud in the inducement (the Defendant incorporates the facts and allegations as set forth in its counterclaim with respect hereto);

2. Estoppel and promissory estoppel (the Defendant incorporates the facts and allegations as set forth in its counterclaim with respect hereto);

3. Prior material breach of the Plaintiff (the Defendant incorporates the facts and allegations as set forth in its counterclaim with respect hereto);

4. Offset (the Defendant incorporates the facts and allegations as set forth in its counterclaim with respect hereto);

5. Failure to state sufficient facts to constitute a cause of action;

6. As a result of its own acts, omissions and/or conduct, the Plaintiff waived or is

3

JEF-221786-1

Case 2:09-cv-04026-SOW   Document 10   Filed 05/26/09   Page 3 of 12
Case 2:10-cv-04030-SOW   Document 1-2   Filed 02/17/10   Page 3 of 12

estopped from any right to recover under the contract (the Defendant incorporates the facts and allegations as set forth in its counterclaim with respect hereto);

7. The Plaintiff has failed to exercise reasonable care to avoid and mitigate damages it seeks to recover which damages are disputed (the Defendant incorporates the facts and allegations as set forth in its counterclaim with respect hereto); and

8. Failure of consideration or lack of consideration (the Defendant incorporates the facts and allegations as set forth in its counterclaim with respect hereto).

## III.

## COUNTERCLAIM OF DEFENDANT BALKAN ENERGY COMPANY

Comes now, Balkan Energy Company and makes and files this its counterclaim[2] and would state as follows:

## I.

## FACTUAL BACKGROUND

1. Balkan Energy through its subsidiary (Balkan Energy (Ghana) Limited ("BEC") is a party to a Power Purchase Agreement between it and the Government of Ghana acting by or through its Minister of Energy. That agreement contemplates, in part, the lease of a one hundred and twenty-five megawatt (125MW) dual fired power barge, named the Osagyefo Barge.

2. At the time of the Agreement that barge had remained inactive and inoperable for an extended period of time. In order to prosecute its agreement with the government of Ghana and

---

[2]The Defendant Balkan Energy Company would show that on the same date as the complaint filed in the above entitled and numbered cause it, pursuant to applicable provisions of the Services Agreement made the basis of Plaintiff's suit commenced an answer in Texas regarding the same facts and circumstances. That matter is currently pending as Cause No. 09-01944; *Balkan Energy Co. v. ProEnergy International*, in the 95th Judicial District Court, Dallas, Texas. The claims as made herein would be compulsory under applicable rules of federal procedure but for the filing of the action in Texas. Accordingly, these counterclaims are alleged subject to a determination of whether an exception exists under the Rules as to whether these counterclaims are compulsory.

JEF-221786-1

4

Case 2:09-cv-04026-SOW   Document 10   Filed 05/26/09   Page 4 of 12
Case 2:10-cv-04030-SOW   Document 1-2   Filed 02/17/10   Page 4 of 12

recognize the potential value of such agreement, BEC sought to retain a contractor to oversee the process of startup and commissioning of the power barge.

3. As part of that process Plaintiff ProEnergy Services contacted representatives of BEC; obtained information regarding the project; physically inspected the power barge; and thereafter submitted a proposal dated September 7, 2007.[3]

4. Prior to executing the proposed Service Contract, representatives of Balkan Energy met with representatives of ProEnergy and during such meeting were presented with information regarding ProEnergy's experience, the evaluation of the proposed project, and information regarding ProEnergy and the reason ProEnergy should be selected.

5. The representations of ProEnergy made included, but were not limited to, the following:

    a. That ProEnergy had a proven track record of superior services and leadership with respect to similar projects both domestically and internationally;

    b. That ProEnergy had immediate access to the employees and personnel necessary to competently prosecute the project;

6. BEC relied upon these representations in agreeing to the terms of the Services Contract provided by ProEnergy.

7. Also during the meetings prior to execution of the Agreement, BEC sought specific information regarding budget estimates for the cost of the project and the time to complete the project. At that time, ProEnergy indicated that despite its inspection of the barge and representation that it was familiar with similar projects and was well qualified to perform the work necessary, it

---

[3]That proposal ultimately became Exhibit A to the Services Contract made the basis of Plaintiff's suit. A true and correct copy of the Proposal is attached hereto as **Exhibit A** and incorporated by reference as though set forth herein at length.

5

JEF-221786-1

was unable to provide such information but would do so after the completion of initial phase one work under the project.

8. After the initial execution of the Service Contract, ProEnergy attempted to conduct phase I work as called for under the Proposal (Exhibit A to the Service Contract). However, the initial management personnel and staffing was determined to be wholly inadequate and insufficient to accomplish the Phase I tasks. Thereafter ProEnergy approached BEC and advised that it would replace personnel and generate a new Proposal which it represented could be completed pursuant to a Work Schedule, a true and correct copy of which is attached hereto as **Exhibit B**. In addition, ProEnergy provided a revised cost for the project.

9. Again, in reliance upon these specific representations, BEC allowed ProEnergy to continue to attempt to perform under the Service Contract. However, in so doing, ProEnergy through its duly authorized agents, servants, contractors and employees, have breached and/or failed to perform the terms and provisions of the Service Contract in one or more of the following particulars:

    (ii)    improperly repiping fuel and water supplies;

    (iii)    erroneous electrical rewiring to "hands off auto" switches;

    (iv)    failing to control liquid fuel levels in the combustion chambers;

    (v)    failing to screen or prepare workers sent to the project;

    (vi)    failing to properly supervise the work of its employees and contractors;

    (vii)    appointing unqualified personnel, including DCS personnel;

    (viii)    failing to follow procedures established with respect to purchases;

    (ix)    failing to provide detailed project commissioning schedules;

6

JEF-221786-1

Case 2:09-cv-04026-SOW   Document 10   Filed 05/26/09   Page 6 of 12
Case 2:10-cv-04030-SOW   Document 1-2   Filed 02/17/10   Page 6 of 12

(x) failing to provide actual technicians for the projects;

(xi) failing to properly manage or interface with the work of representatives from the barge manufacturer;

(xii) failing to maintain adequate records of testing;

(xiii) failing to maintain proper documentation of instrument calibrations of providing same to BEC;

(xiv) failure to provide information on electrical work;

(xv) failing to provide electrical redline drawings;

(xvi) failing to properly wire and install site generators and transfers;

(xvii) failing to provide daily reports;

(xviii) failing to update the work schedule;

(xix) failing to diagnosis and repair the barge computer system;

(xx) failing to coordinate the work of other subcontracts such as Ansuldo Energia, Ghanz TransLektro, Sud Chemie, and ISL of Ghana.

10. In addition to the foregoing, the Plaintiff has improperly invoiced under the agreement either by charging inapplicable rates, charging personnel at a rate not compensable with their experience; charging for unauthorized personnel; charging for unauthorized per diem or changes in per diem; charging for travel not reflected in the contract and by; failing to provide underlying cost information to enable a calculation of the 15% markup call for in the project.

11. As a result of the foregoing the Defendant has incurred damages far in excess of the jurisdictional limits of this court.

7

JEF-221786-1

II.

## CLAIMS AND CAUSES OF ACTION

A.  Breach of Contract

12. Defendant incorporates the allegations contained in paragraphs 1 through 12 by reference as if fully set forth herein.

13. The Plaintiff has breached the contract in one or more of the particulars as set forth hereinabove and in addition thereto, upon information and belief, by failing to keep and maintain the insurance required by the contract as reflected in Exhibit B to the Service Contract, a true and correct copy of which is attached hereto as **Exhibit C** and incorporated by reference as though set forth herein at length.

14. As a direct and proximate results of the foregoing breaches BEC has suffered damages which include but are not limited to, the benefit of its bargain; the difference in amounts involved and paid and what amounts were proper under the agreement as hereinabove set forth. In addition, BEC has suffered consequential damages including loss revenues and money paid, incurred and to be paid and incurred to correct damage to the barge as a result of the conduct as referenced hereinabove.

15. In addition, BEC is entitled to attorneys fees and expenses for enforcing its rights under the agreement.

B.  Fraud/Negligent Misrepresentation Fraud in the Inducement

16. Defendant incorporates the allegations contained in paragraphs 1 through 11 by reference as if fully set forth herein.

17. In inducing BEC to enter into the agreement and in continuing with the agreement,

8

JEF-221786-1

Case 2:09-cv-04026-SOW   Document 10   Filed 05/26/09   Page 8 of 12
Case 2:10-cv-04030-SOW   Document 1-2   Filed 02/17/10   Page 8 of 12

the authorized agents, servants or employees of the Plaintiff ProEnergy made representations of material fact. Those representations were untrue. The representatives of ProEnergy knew them to be untrue and made such representations with the intent that BEC act thereon. BEC in fact reasonably relied upon such representations and acted thereon. As a direct and proximate result of the foregoing misrepresentations, BEC has suffered damages, including those damages as referenced herein above in ¶14.

C. <u>Promissory Estoppel</u>

18. Defendant incorporates the allegations contained in paragraphs 1 through 11 by reference as if fully set forth herein.

19. In inducing BEC to enter into the agreement and in continuing with the agreement, the authorized agents, servants or employees of the Plaintiff ProEnergy made representations of material fact. These representations were untrue. The representatives of ProEnergy knew them to be untrue and it made such representations with the intent that BEC act thereon. BEC in fact reasonably relied upon such representations and acted thereon. As a direct and proximate result of the foregoing fraudulent misrepresentations, BEC has suffered damages, including those damages as referenced herein above in ¶14.

D. <u>Exemplary Damages</u>

20. BEC incorporates the allegations contained in the foregoing paragraphs by reference as if fully set forth herein.

21. BEC would show that as with respect to counts A-C above, ProEnergy acted intentionally and that accordingly and award of punitive or exemplary damages in an amount to be determined by the trier of fact is justified.

9

JEF-221786-1

Case 2:09-cv-04026-SOW   Document 10   Filed 05/26/09   Page 9 of 12
Case 2:10-cv-04030-SOW   Document 1-2   Filed 02/17/10   Page 9 of 12

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this court enter an order and judgment in favor against ProEnergy as follows:

1) that Balkan be awarded actual damages on its claims as set forth hereinabove;

2) that Balkan be awarded actual and exemplary damages pursuant to its fraud claims set forth in counts A-D as set forth hereinabove;

3) that Balkan be awarded attorneys' fees, costs and expenses in connection with this action; and

4) that Balkan be awarded such other and further relief, both general and special at law or in equity to which it may show itself to be justly entitled.

JEF-221786-1

10

Case 2:09-cv-04026-SOW   Document 10   Filed 05/26/09   Page 10 of 12
Case 2:10-cv-04030-SOW   Document 1-2   Filed 02/17/10   Page 10 of 12

HUSCH BLACKWELL SANDERS LLP

By: /s/ Ryan R. Harding
   Ryan R. Harding #52155
   ryan.harding@huschblackwell.com
   235 East High Street
   P.O. Box 1251
   Jefferson City, MO 65102-1251
   (573) 635-9118 telephone
   (573) 634-7854 facsimile

   R. Prescott Sifton, Jr. (*pro hac vice application forthcoming*)
   scott.sifton@huschblackwell.com
   720 Olive Street, Suite 2400
   St. Louis, Missouri 63101
   (314) 345-6000 telephone
   (314) 345-6060 facsimile

MADDENSEWELL LLP
   Mitchell Madden
   Thomas V. Murto III
   (*pro hac vice applications forthcoming*)
   1755 Wittington Place, Suite 300
   Dallas, TX 75234
   (972) 484-7780 telephone
   (972) 484-7743 facsimile

*Attorneys for Defendant Balkan Energy Company*

JEF-221786-1

11

Case 2:09-cv-04026-SOW Document 10 Filed 05/26/09 Page 11 of 12
Case 2:10-cv-04030-SOW Document 1-2 Filed 02/17/10 Page 11 of 12

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Robert W. Russell, 114 E. 5th Street, Sedalia, MO 65301.

/s/ Ryan R. Harding
Attorney

JEF-221786-1

12

Case 2:09-cv-04026-SOW   Document 10   Filed 05/26/09   Page 12 of 12
Case 2:10-cv-04030-SOW   Document 1-2   Filed 02/17/10   Page 12 of 12